IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-81789-TLS |
| | ) | |
| ELIZABETH COLLEEN FORAL, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |
| SSS ENTERPRISES, INC., | ) | ADV. NO. A08-08051-TLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ELIZABETH COLLEEN FORAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Trial in this adversary proceeding was held in Omaha, Nebraska, on March 27, 2009. Thomas M. Rowen appeared for Elizabeth Colleen Foral, and Daniel L. Rock appeared for SSS Enterprises, Inc. Plaintiff brought this proceeding seeking to have a state court judgment held by Plaintiff against Defendant in the amount of $17,363.81[1] determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

### *Background*

The underlying facts are generally undisputed. Wayne Sealy is the sole shareholder and president of SSS Enterprises, Inc., a Nebraska corporation. The corporation operated the business known as "Mystery Manor" in Omaha, Nebraska. Ms. Foral was the vice president, secretary, and treasurer of the corporation. Her business arrangement with Mr. Sealy was that she would handle the business and financial matters of the corporation and would be paid one-half of the corporate profit. On or about October 28, 2003, Ms. Foral ceased working with the corporation and took with her $36,765.81 in cash, representing admission proceeds from October 24-27, 2003. Ms. Foral retained possession of those funds asserting a right of setoff for expenses advanced by her, and filed suit against the corporation in the District Court of Douglas County, Nebraska. In her lawsuit, Ms. Foral sought damages for an accounting, reimbursement of advances, and wages.

The corporation counterclaimed against Ms. Foral in the state court proceeding for, among other things, misappropriation of corporate funds and for intentional tortious interference with the corporate business.

---

[1] This amount is from Plaintiff's proof of claim filed in the underlying proceeding (Ex. #20). After amounts recovered to date, the remaining balance due on the judgment is $13,128.48.

A trial was held in the District Court of Douglas County, Nebraska, and, on October 3, 2006, the court filed its judgment. The court found that Ms. Foral was a "poor bookkeeper and financial manager" who used her personal credit cards to pay certain bills of the corporation, as well as other organizations and businesses in which she was involved. The court further found that Ms. Foral "kept poor records" regarding the credit card purchases and charges, which resulted in uncertainty as to which purchases were for which organization. Other findings of the District Court of Douglas County, Nebraska, are as follows:

- "October 28, 2003, was the Plaintiff's last day of work at Defendant. Unbeknownst to Mr. Sealy, she quit without notice and took $36,394.00 of Defendant's money." Order dated September 29, 2006, and filed October 3, 2006, at 2 (Fil. #17).

- "When Plaintiff abruptly left Defendant, she took $36,765.81 of Defendant's money."[2] *Id.* at 4.

- "There was insufficient evidence to find any damages as a result of any malfeasance of the Plaintiff *other than the money she took from Defendant the day she left, which was $36,765.81*. The Court is satisfied that the Defendant did incur damages, however, the amounts of those damages would be speculation." *Id.* (Emphasis added.)

- "The Court also did not find for Defendant for lost profits as a result of her tortuous [sic] interference with the business as it would again be speculation as to what these damages were. The Court does find that the Defendant was damaged, however, there was insufficient evidence to prove what the damages were. As to damages that resulted because of Plaintiff's poor bookkeeping and/or operations manager, *the Court finds that these were not intentional actions*." *Id.* (Emphasis added.)

- "The Court therefore finds for Plaintiff in the amount of $29,833.50; and finds for Defendant on its counterclaim in the amount of $36,765.81. This results in [an] amount due Defendant of $6,932.31." *Id.*

Subsequently, each of the parties filed motions for a new trial and further hearings were held. Pursuant to an order filed March 26, 2007, the District Court of Douglas County, Nebraska, made additional findings. In summary, the court found:

> Since Plaintiff took $36,765.81 of Defendant's money, the amount of $19,402.00 is deducted from that amount, which results in Plaintiff owing Defendant $17,363.81. The prior Order of the Court is hereby modified so that Judgment is granted to the Defendant against the Plaintiff in the amount of $17,363.81. All other portions of this Court's trial Order of September 29, 2006 are affirmed.

---

[2]There is no explanation in the district court's order for the discrepancy between this amount and the amount used in the preceding paragraph.

Order dated March 21, 2007, and filed March 26, 2007, at 4 (Fil. #18).

Ms. Foral subsequently filed a Chapter 7 bankruptcy proceeding, and this adversary proceeding followed.

*Discussion*

As indicated, SSS Enterprises, Inc. brings this adversary proceeding to determine that its state court judgment is nondischargeable under § 523(a)(4). Its position is that the state court judgment is res judicata as to the issues.

A state court action to establish a debt is separate from a determination of the dischargeability of that debt in bankruptcy. *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 609 (B.A.P. 8th Cir. 1997). The bankruptcy court has exclusive jurisdiction to determine whether debts for a debtor's fiduciary or non-fiduciary fraud, embezzlement, larceny, or willful and malicious injury are non-dischargeable. 11 U.S.C. § 523(c); *Zio Johnos, Inc. v. Ziadeh (In re Ziadeh)*, 276 B.R. 614, 619 (Bankr. N.D. Iowa 2002). Therefore, the Court must review the state court judgment to see whether it establishes the elements of a prima facie case under § 523. *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989-90 (8th Cir. 1999).

When the parties have previously litigated an issue in a state court, the bankruptcy court will look to state law to determine the preclusive effect of that judgment. *Madsen*, 195 F.3d at 989-90; *Jacobus v. Binns (In re Binns)*, 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005). In Nebraska, res judicata bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Ichtertz v. Orthopaedic Specialists of Nebraska, P.C.*, 730 N.W.2d 798, 804 (Neb. 2007).

To determine whether the issue involved in this proceeding was directly addressed in the former adjudication, we must look to § 523(a)(4) of the Bankruptcy Code. Courts are duty-bound "to construe exceptions to discharge narrowly in order to effect the fresh start policy of the Bankruptcy Code." *Owens v. Miller (In re Miller)*, 276 F.3d 424, 429 (8th Cir. 2002); *see also Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir. 1993) (stating "statutory exceptions to discharge in bankruptcy are narrowly construed"); *Chase Bank USA, N.A. v. Swanson (In re Swanson)*, 398 B.R. 328, 333 (Bankr. N.D. Iowa 2008) (holding that "exceptions to discharge should be construed broadly in favor of the debtor and narrowly against the creditor").

Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. To prevail on the defalcation-by-a-fiduciary prong of the statute, a plaintiff must establish by a preponderance of the evidence that a fiduciary relationship existed between the parties and that the defendant committed defalcation in the course of that fiduciary relationship. *Int'l Fid. Ins. Co. v. Fox (In re Fox)*, 357 B.R. 770, 778 (Bankr. E.D. Ark. 2006).

Whether a relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane)*, 124 F.3d 978, 984 (8th Cir. 1997). "Acting in a fiduciary capacity" is limited in application to technical or express trusts, not to trusts that may be imposed because of the alleged act of wrongdoing from which the underlying indebtedness arose. *See Hunter v. Philpott*, 373 F.3d 873 (8th Cir. 2004) ("fiduciary" used in a strict and narrow sense in § 523(a)(4), and fiduciary status must pre-date the debt); *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 878-79 (8th Cir. 1985) (for purposes of § 523(a)(4) fraud or defalcation exception, fiduciary capacity must arise from express trust, not constructive trust or mere contractual relationship). There is no express trust involved in this case.

Section 523(a)(4) also excepts from discharge debts arising from embezzlement or larceny. The embezzlement and larceny prongs do not require proof of the existence of a fiduciary relationship. *Jones v. Hall (In re Hall)*, 295 B.R. 877, 882 (Bankr. W.D. Ark. 2003) (embezzlement); *Kansas Bankers Sur. Co. v. Eggleston (In re Eggleston)*, 243 B.R. 365, 378 n.15 (Bankr. W.D. Mo. 2000) (both).

"Embezzlement" is the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come. *Belfry v. Cardozo (In re Belfry)*, 862 F.2d 661, 662 (8th Cir. 1988). The plaintiff must establish that the debtor was not lawfully entitled to use the funds for the purposes for which they were in fact used. *Id.* To show embezzlement, the creditor has to prove that it entrusted its property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud. *Bankers Trust Co. v. Hoover (In re Hoover)*, 301 B.R. 38, 52 (Bankr. S.D. Iowa 2003).

"Larceny" as used in 11 U.S.C. § 523(a)(4) is the fraudulent and wrongful taking and carrying away of the property of another with intent to convert the property to the taker's use without consent of the owner. *Rech v. Burgess (In re Burgess)*, 106 B.R. 612, 622 (Bankr. D. Neb. 1989). Thus, larceny requires that the initial taking and possession be unlawful.

Not every debt arising from an act of wrongdoing is excepted from discharge. Because the statute requires fraudulent intent, debts that arise from simple conversion do not come within the embezzlement exception. *Stentz v. Stentz (In re Stentz)*, 197 B.R. 966, 985 (Bankr. D. Neb. 1996). Here, the Douglas County District Court did not make a finding of fraud. The court, without explanation, described Ms. Foral's taking of the money as "malfeasance," and it clearly entered judgment for the corporation on its counterclaim. The counterclaim was for "misappropriation" of funds. Thus, although the district court agreed that the corporation breached certain contractual obligations owed to Ms. Foral and allowed Ms. Foral to set off funds owed to her by the corporation, it clearly found that she misappropriated the funds of the corporation. In fact, the court indicated that the corporation incurred further damages as a result of that misappropriation, but the evidence of those further damages "other than the amount taken," was insufficient to prove what the damages were. Nevertheless, a bare finding of misappropriation of funds does not equate to a finding of fraud. A judgment of nondischargeability under this prong of § 523(a)(4) requires proof of an intent

to embezzle or convert property. *C & J Rentals, Inc. v. Purdy (In re Purdy)*, 231 B.R. 310, 313 (Bankr. E.D. Mo. 1999) (holding that the debtor's failure to return a rental car on time did not demonstrate an intent to steal it). The evidence before the district court judge indicated that Ms. Foral believed she was entitled to the funds she took from the business, so in taking the money, she simply could not have had a fraudulent intent. Therefore, the state court judgment does not establish the elements of § 523(a)(4) necessary to except this debt from discharge.

At trial, Defendant made an oral motion to dismiss, which shall be treated as a motion for judgment on partial findings under Federal Rule of Civil Procedure 52(c) and Federal Rule of Bankruptcy Procedure 7052. In light of the foregoing discussion, that motion is granted. The evidence presented to the Court cannot support a verdict in favor of Plaintiff, so judgment will be entered in Ms. Foral's favor.

IT IS, THEREFORE, ORDERED as follows:

1. Defendant's oral motion to dismiss, treated as a motion for judgment on partial findings under Federal Rule of Civil Procedure 52(c) and Federal Rule of Bankruptcy Procedure 7052, is granted.

2. Separate judgment will be entered.

DATED: April 1, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Thomas M. Rowen
    *Daniel L. Rock
    Thomas D. Stalnaker
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.